Commonwealth *v.* Ayers, Appellant.

Argued December 12, 1963. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*G. Clinton Fogwell, Jr.,* with him *Melva L. Mueller,* and *Reilly and Fogwell,* for appellant.

*Norman J. Pine,* Assistant District Attorney, with him *Samuel J. Halpren,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., March 19, 1964:

This is an appeal from the judgment of sentence entered by the Court of Quarter Sessions of Chester County on a jury verdict of guilty of driving while under the influence of intoxicating liquor; and from the denial of the motion for a new trial.

The defendant, Earl P. Ayers, was arrested on May 6, 1962 and charged with driving while under the influence of intoxicating liquor. He was convicted by the jury and sentenced to probation for one and one-half years, a fine of Three Hundred Dollars and costs of prosecution.

At the trial the Commonwealth introduced testimony concerning the use of an intoximeter test under the Act of 1959, P. L. 58, §624.1, added 1961, P. L. 918, §1, 75 PS §624.1. The Act provides, inter alia, as follows:

"(a) Any person who operates a motor vehicle or tractor in this Commonwealth may be given a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That he gives

specific consent thereto and the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary."

The machine used in this case was an approved device known as a DeForrest intoximeter. The testimony concerning the test was permitted by the court until it was found that the result of the test which was to be delivered for analysis by the State Police Crime Laboratory at Harrisburg, had been in the possession of and mailed by a trooper who was unavailable to testify. Because of this the Commonwealth was unable to complete the chain of evidence so that the court below, on motion of the defendant, struck out all the testimony concerning the intoximeter test and directed the jury to disregard it. At the same time the defendant moved for the withdrawal of a juror on the ground that the testimony had prejudiced the defendant's case. This motion was refused and was the basis for the motion for a new trial and for this appeal.

The court below charged the jury as follows: "You will completely and totally disregard all of the evidence, both direct examination and cross-examination, having to do with the Intoximeter Test because, unfortunately, from the Commonwealth's standpoint, that evidence was not sufficiently connected up as a matter of law to allow it to be submitted to you. There was a missing link in the chain of proof which made it necessary for us, and we did, to grant defendant's motion to strike out all of that testimony about the Intoximeter Test. Therefore, you will put that entirely out of your minds and not let it influence you in any

manner whatever in the consideration of your verdict." In his opinion the court below points out: "No testimony was given that the amount of alcohol in Defendant's blood, as shown by chemical analysis of his breath, exceeded the amount fixed by the Act as raising the presumption that he was under the influence of intoxicants, and the terms of the Act in that respect were not disclosed to the jury. The evidence taken on the subject was received as a matter of the discretionary order of proof in expectation that the Commonwealth would connect it up and make the result of the test admissible."

Although it is better to have medical testimony or chemical tests, the law makes no requirement that such expert evidence be produced on this subject. *Com. v. Smith,* 174 Pa. Superior Ct. 533, 102 A. 2d 243 (1954). There was certainly sufficient evidence to sustain the verdict without the use of the intoximeter test. *Com. v. Mummert,* 183 Pa. Superior Ct. 638, 133 A. 2d 301 (1957). And we agree with the court below that "It would be difficult to understand how the jury, except by an arbitrary or capricious verdict, could have failed to convict Defendant on that evidence." The defendant did not take the witness stand and his defense consisted of three relatives as reputation witnesses. Their testimony was limited to reputation as a law abiding citizen. They were not asked as to his reputation for sobriety. William Oles testified as to the conduct and condition of the defendant and gave his opinion that he was under the influence of intoxicating liquor. He testified as to the erratic driving of the defendant; that he had a strong odor of alcohol on his breath; that he was in a stupor; that his eyes were glazed; and his speech was impeded. He admitted to Oles that he had been drinking. Trooper Bonk testified that he smelled a strong odor of alcohol on his breath; noticed his blood-shot eyes and very thick speech; saw him stag-

ger; and said he was stuporous. He heard the defendant admit having had three double shots of whiskey and expressed his opinion based on seventeen years experience as an officer, that defendant was under the influence of intoxicants and unfit to operate an automobile.

"The expression, 'under the influence of intoxicating liquor', covers not only the well known and easily recognized conditions and degrees of intoxication, but any abnormal, mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive one of that clearness of intellect and control of himself which he would otherwise possess." *Com. v. Mummert*, supra, at page 641. There was certainly sufficient evidence in this case to sustain the verdict without the use of the intoximeter test.

The withdrawal of a juror is within the sound discretion of the trial court and his action will only be reversed for a clear abuse of that discretion. *Com. v. Coleman*, 402 Pa. 238, 166 A. 2d 525 (1961); *Com. v. Petrosky*, 194 Pa. Superior Ct. 94, 166 A. 2d 682 (1960). "As a rule, a trial court is not required to withdraw a juror because of the remarks of a witness, particularly if curative instructions have been given, and the admission of evidence requires a withdrawal only where it is wholly irrelevant and prejudicial." 11 P.L.E. Criminal Law, §484, pages 40, 41.

Substantive harm was neither apparent nor highly probable because of the action complained of in this case, where, without the intoximeter test there was overwhelming evidence to support the verdict. The defendant's rights were carefully protected by the judge's strong charge to the jury and there was no abuse of discretion.

Judgment affirmed.

MONTGOMERY, J., would grant a new trial.